COWART, Judge.
This case involves the qualification of a non-lawyer county court judge to sit in a county having a population greater than 40,000.
*417 Appellant, Judge Leonard A. Damron, was first elected in 1972 as a county court judge of Citrus County, Florida, and was reelected in 1976 and in 1980. He is not a member of The Florida Bar but he has successfully completed a three year law training program approved by the Supreme Court of Florida. Citrus County has a population of less than 40,000 and Marion County has a population much greater than 40,000. Both Citrus County and Marion County are in the Fifth Judicial Circuit. Florida Rule of Judicial Administration 2.050(b)(4) provides “the chief judge may assign any judge to temporary service for which the judge is qualified in any court in the same circuit.” Pursuant to this rule the chief judge of the Fifth Judicial Circuit assigned Judge Damron to temporary service to try misdemeanor cases[1] in Marion County. Appellees, defendants charged with misdemeanor crimes in Marion County, obtained a writ from the circuit court in Marion County prohibiting Judge Damron from presiding over appellees’ pending criminal trials and Judge Damron seeks review of the prohibition.
The writ of prohibition was based on the fact that section 34.021(3), Florida Statutes (1981), provides that persons who were county court judges prior to July 1,1978, in any county having a population of 40,000 or less who have successfully completed a supreme court approved three year law training program are entitled to seek election and to serve as a county court judge in any county having a population of 40,000 or less.
We find it unnecessary to determine whether a non-lawyer county court judge who is elected pursuant to section 34.021(3), Florida Statutes (1981), is qualified to sit on temporary assignment in a county having a population greater than 40,000 because we find that Judge Damron is qualified for office under section 34.021(2), Florida Statutes (1981), which permits a county court judge to seek reelection if he was actively serving in such office on the first day of the qualification period for reelection. Subsection (2) of section 34.021 contains no limitation or qualification as to county population. We realize that except for the reference in subsection (3) of section 34.021, all of section 34.021 relates to qualifications for election or reelection and does not specifically relate to qualifications to serve as county court judge. However, we assume that if a person is qualified for election or reelection to an office he is qualified to serve in that office.
Judge Damron was qualified to seek reelection as county court judge under section 34.021(2) and that subsection contains no population restriction as to the service of such a judge once duly reelected. Because Judge Damron was qualified to serve on temporary assignment in any county without regard to population, the writ of prohibition was issued in error and it is
QUASHED.
DAUKSCH and SHARP, JJ., concur.

. See Treiman v. State ex rel. Miner, 343 So.2d 819 (Fla. 1977).